The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and over the subject matter. Employee-plaintiff was an employee of defendant-employer on 1 April 1997, and the parties are subject to the North Carolina Workers' Compensation Act.
2. Employee-plaintiff's average weekly wage is $436.17, which yields a compensation rate of $290.79.
***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Employee-plaintiff was, at the time of the hearing, a 42-year-old male who began working for employer-defendant in July, 1996.
2. Employee-plaintiff alleged that he slipped and fell on 1 April 1997 while carrying one end of a roll of fabric with co-worker, Gary Helms.
3. Employee-plaintiff alleged that this fall was witnessed by Gary Helms.
4. Employee-plaintiff alleged that he immediately reported the fall to his supervisor, Darrell Pate, on 1 April 1997.
5. According to Gary Helms, he did not witness employee-plaintiff's fall.
6. Mr. Helms' testimony revealed that plaintiff told several versions of how he hurt his shoulder.
7. According to Mr. Helms, employee-plaintiff subsequently stated that employee-plaintiff did not know where he had actually hurt himself, that he had fallen down the attic stairs, and that the fall at home might have caused his current symptoms.
8. Darrell Pate did not work on 1 April 1997.
9. On 2 April 1997, employee-plaintiff presented at Presbyterian Hospital at Matthews with complaints of left shoulder pain. Employee-plaintiff stated that he had fallen the day before and injured his shoulder. An x-ray of the left shoulder was negative. Employee-plaintiff was diagnosed with acute contusion to the shoulder and prescribed Lorcet for pain relief if needed. It was further noted that there was not acute evidence for rotator cuff tear.
10. On 7 April 1997, employee-plaintiff returned to Miller Orthopaedic Clinic at which time he was examined by Dr. David L. Kingery. Dr. Kingery diagnosed the employee-plaintiff with rotator cuff strain, placed him in a cuff and collar, and authorized him to return to work with restrictions.
11. On 19 April 1997, employee-plaintiff again presented at Presbyterian Hospital in Matthews with complaints of left shoulder pain. Employee-plaintiff informed Dr. Robert M. Anderson that his shoulder was hurting after he had fallen off of a barstool where he had been drinking excessively. Employee-plaintiff was diagnosed with shoulder strain.
12. Employee-plaintiff obtained an MRI on 7 May 1997. Dr. Kingery concluded that employee-plaintiff had impingement morphology and a tear of the supraspinatus tendon of the rotator cuff. Dr. Kingery recommended arthroscopic surgery to evaluate the cuff tear.
13. On 16 May 1997, employee-plaintiff underwent diagnostic arthroscopy. Dr. Kingery wrote employee-plaintiff out of work on this date.
14. On 22 May 1997, Dr. Kingery authorized employee-plaintiff to return to work between 23 May 1997 and 23 June 1997, restricted to no use of his left arm and no driving at all.
15. On 2 July 1997, Dr. Kingery completed another return to work authorization upon review of a job description and a request for light duty activities. Dr. Kingery opined that employee-plaintiff could complete the activities described, releasing him to restricted duty between 30 June 1997 and 4 August 1997.
16. On 11 November 1997, employee-plaintiff presented with continued complaints of pain and intermittent numbness in the left arm. Dr. Kingery authorized a return to work that day with similar restrictions.
17. After reviewing employee-plaintiff's second MRI taken November 1997, Dr. Kingery indicated that employee-plaintiff had a large undersurface tear of the supraspinatus and a smaller fullness tear.
18. On 5 January 1998, Dr. Kingery wrote employee-plaintiff's counsel that employee-plaintiff's ongoing left shoulder problem was directly related to his 2 April 1997 injury at work. However, Dr. Kingery testified that the accuracy of the opinion letter depended upon the accuracy of the history provided to him by employee-plaintiff. Dr. Kingery further testified that he was unaware of any history by employee-plaintiff of falling off a bar stool after excessive drinking prior to admission to the emergency room on 19 April 1997, nor had he received medical records that would have shown the same.
19. Dr. Kingery stated that a fall such as the one employee-plaintiff reported to the emergency room on 19 April 1997 could have caused the rotator cuff tear that was shown on the 7 May 1997 MRI.
20. At the time of hearing, Dr. Kingery had not seen employee-plaintiff since 2 December 1997 and therefore declined to give any opinion to a reasonable degree of medical certainty as to any permanent impairment of plaintiff's shoulder.
21. Due to the different versions plaintiff told to various people of how he hurt his shoulder and due to the number of times plaintiff revealed that he had fallen due to excessive drinking, the Full Commission finds that his testimony is not credible. Therefore, the Full Commission finds that there is insufficient evidence as to which of the plaintiff's falls actually caused the problems with his shoulder.
***********
Based upon the foregoing, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the competent evidence that he sustained a compensable injury by accident on 1 April 1997. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim under the law must be and is HEREBY DENIED.
2. Each side shall pay its costs.
This 4th day of October 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ PAMELA T. YOUNG DEPUTY COMMISSIONER